# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARION FOLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 05 C 1484 |
| vs. ) | |
| ) | Magistrate Judge Schenkier |
| OFFICER MARTIN DEPERTE and the ) | |
| VILLAGE OF GURNEE, a municipal ) | |
| corporation, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

In this lawsuit brought pursuant to 42 U.S.C. § 1983, plaintiff asserts a claim of excessive force in connection with an encounter with defendant Martin Deperte, an officer of the Gurnee police department, on December 2, 2004. Plaintiff claims that Officer Deperte "threw and pushed her into various walls and vending machines and knocked her to the floor causing bruising of her body and injury to her knees" (Final Pretrial Order, at 3). A jury trial of the matter is set to commence on October 23, 2006.

In their Final Pretrial Order, plaintiff and defendants listed a total 11 and 12 motions *in limine*, respectively (Final Pretrial Order, at 15-16). The vast majority of those motions are unopposed, and are therefore granted.[1] Presently pending before the Court are the following motions *in limine* filed by plaintiff that were listed in the Final Pretrial Order as contested: to bar evidence of any prior or subsequent police contacts, interrogations or arrests involving the plaintiff; to bar evidence of any unrelated injuries, surgery or treatment other than the use of seizure disorder

---

[1] Those unopposed motions *in limine* that are granted are (as identified in the Final Pretrial Order) plaintiff's motions nos. 3-5, 7, 9-10 and defendants' motions nos. 1-12.

medication; to bar evidence of any contact or behavior of the plaintiff prior to subsequent to the incident other than disability and medical treatment; to bar evidence that any verdict is not subject to federal income tax; and bar any testimony of plaintiff's impairment or intoxication without proof of consumption of alcohol or drugs (Final Pretrial Order, at 15 (Motions *in Limine* Nos. 1-2, 6, 8, and 11). In their response to the motions *in limine*, defendants have asserted that they do not object to plaintiff's motion *in limine* no. 8, which seeks to bar evidence that any verdict is not subject to federal income tax (Defs.' Response, at 2). Accordingly, that motion is granted without objection. Our rulings on the remaining four motions in dispute are set forth below.

I.

Plaintiff seeks to bar evidence of any prior or subsequent police contacts, interrogations or arrests that involve her (Plaintiff's Motion *in Limine* No. 1). As framed by defendants' response, the only such contact that defendants apparently seek to offer involves the police encounter on March 4, 2005, more than three months after the police encounter that is the subject of this lawsuit and shortly after plaintiff had knee surgery on or about February 21, 2005, for injuries allegedly suffered during that earlier encounter. Defendants argue that the March 4, 2005 encounter is relevant because plaintiff allegedly told her treating physician that during that encounter the police forced her to "squat and run up and down stairs" (Defs.' Response at 2). Defendants argue that this evidence is relevant to show that Ms. Foley's claim for ongoing pain, injury and treatment to her knee is the product of the March 4, 2005 encounter (which is not the subject of suit) and not the December 2, 2004 encounter.

2

We agree that the defendants are entitled to offer evidence to show that any ongoing pain or disability the plaintiff experiences with her knee is not the result of what allegedly occurred on December 2, 2004, but instead is the result of a later intervening act that breaks the chain of proximate cause. Of course, we express no view as to whether being forced to squat and run up and down stairs two weeks after surgery aggravated Ms. Foley's alleged knee injury. But, we conclude that defendants are entitled to offer evidence of that later occurrence on two conditions.

*First*, defendants can offer evidence that plaintiff was forced to squat and run up and down stairs only if defendants can offer competent medical testimony that this maneuver – rather than the excessive force that allegedly occurred during the December 2, 2004 encounter – could be a cause of the plaintiff's alleged ongoing knee problems. *Second*, if the evidence is offered, then defendants may not disclose that: (1) plaintiff was arrested on March 4, 2005 (and the circumstances of that arrest), or (2) it was police personnel who "forced her to squat and run up and down stairs." The fact that plaintiff was forced to engage in that maneuver on March 4, 2005 can be placed before the jury in a way that does not require those other details to be disclosed. Those other details are irrelevant to whether the maneuver caused injury to plaintiff's knee. Morever, the probative value of those details would be substantially outweighed by the risk of unfair prejudice that could redound to the detriment of plaintiff (because the jury might consider her in a less favorable light because of a subsequent arrest) or defendants (because the jury might perceive the subsequent arrest as being some form of retaliation for Ms. Foley complaining about the events of December 2, 2004).

## II.

Plaintiff seeks to exclude evidence of any related injuries, surgery or treatment that Ms. Foley experienced, other than her use of seizure disorder medication (Plaintiff's Motion *in Limine* No. 2). It appears that defendants may seek to offer two other injuries of Ms. Foley, one that preceded and post-dated December 2, 2004: (1) an injury that Ms. Foley allegedly suffered to her wrist prior to December 2, 2004, which caused her to have a fiberglass cast on her right arm at the time of the police encounter at issue in this lawsuit, and (2) an episode that allegedly occurred in the Spring of 2005, during which defendants claim that Ms. Foley's knee condition was aggravated when her son pushed her.

As for the circumstances leading to any injury to Ms. Foley's wrist prior to December 2, 2004, defendants have offered no theory as to why that evidence would be relevant evidence in this case. We do not understand Ms. Foley to be seeking damages for any injury to the wrist that was in the cast. Thus, we grant plaintiff's motion to exclude evidence of the circumstances of that injury (the fact that Ms. Foley was wearing a cast at the time of the encounter will be revealed through photographic exhibits offered without objection by each party).

As for the post-incident occurrence, defendants assert that on February 15, 2005, plaintiff reported to her treating physician that "she was in a fight with her son, who pushed her and shoved her and that made her knee pain worse. She also said that her knee has been popping since and she never had that before." (Defs.' Response at 1-2). We conclude that evidence of this occurrence is relevant to a fair determination of whether plaintiff's alleged knee injury is the product of the December 2, 2004 police encounter or, instead, is the result of subsequent intervening events which were not reasonably foreseeable. Moreover, plaintiff has offered no argument as to why the unfair

4

prejudice would substantially outweigh the probative value of this evidence. Accordingly, the Court denies plaintiff's motion insofar as it seeks to bar evidence of this occurrence.

### III.

Plaintiff seeks to bar evidence of any contact or behavior of the plaintiff prior or subsequent to the incident other than disability and medical treatment (Plaintiff's Motion *in Limine* No. 6). In her memorandum in support of the motion, plaintiff specifies what she has in mind by that broadly-titled motion: she wishes to bar evidence that in March 2005, several months after the December 2, 2004 encounter, plaintiff was arrested "for facts unrelated to this incident" (Pl.'s Mem. at 2).

Defendants' only articulated reason for seeking admission of this evidence is as a predicate for offering testimony that plaintiff was "forced to squat and run up and down stairs by police" in connection with this arrest, and, in aid of their theory, that plaintiff's ongoing knee problems are the result of this latter incident and not the December 2, 2004 encounter (Defs.' Response at 2). We have already explained that in the event that we allow defendants to offer evidence that Ms. Foley was required to "squat and run up and down stairs" in March 2005, which was not only several months after the December 2, 2004 encounter but also shortly after her knee surgery, we will not allow defendants to say that this was done at the behest of the police. Accordingly, we grant this motion *in limine* so far as it seeks to bar evidence of the March 2005 arrest.

### IV.

Plaintiff seeks to bar testimony that she was impaired or intoxicated at the time of the December 2, 2004 encounter, in the absence of proof that she had consumed alcohol or drugs (Plaintiff's Motion *in Limine* No. 11). The genesis of this motion is apparently deposition testimony by certain witnesses that during the December 2, 2004 police encounter, Ms. Foley's voice was

5

slurred and loud, and that – on that basis – they believed she was intoxicated or using narcotics. In their response, defendants state that they do not intend to elicit testimony that Ms. Foley was intoxicated or on drugs, but seek only to offer evidence of the witnesses' observations as to "the tone and manner of her speech" (Defs.' Response at 3).

"Insinuations or innuendos of intoxication based upon evidence of drinking are impermissible and irrelevant where there is no evidence of intoxication." *Wagner v. Zboncak*, 443 N.E.2d 1085, 1087 (Ill. App. 2d Dist. 1982). Testimony that someone was speaking in a loud voice during an encounter with police might suggest that the speaker was agitated or angry; but it does not, standing alone, suggest that the speaker was under the influence of alcohol or narcotics. On the other hand, evidence that someone was speaking in both a "loud" and "slurred" voice during a police encounter may plant just that seed. For that reason, we are reluctant to allow the jury to hear that plaintiff's speech was "loud" *and* "slurred" without defendants providing an explanation as to why they believe that evidence is relevant to any of the issues in the case. However, defendants' response offers no such explanation.

Accordingly, we grant this motion *in limine* in part. We will allow defendants to offer evidence that plaintiff was "loud" during her December 2, 2004 encounter with the police. We will not allow evidence that her voice was slurred, unless defendants offer some explanation prior to the testimony being offered that persuades the Court that this testimony would be relevant and that its probative value would not be substantially outweighed by the risk of unfair prejudice.

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part plaintiff's motions *in limine* nos. 1, 2, 6, 8 and 11.

ENTER:

SIDNEY I. SCHENKIER
**United States Magistrate Judge**

**Dated: September 14, 2006**