IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARION FOLEY,

    Plaintiff,

v.     Case No. 05 C 1484

MARTIN DEPERTE, ET AL.
and CITY OF CHICAGO,

    Defendants.

MAGISTRATE JUDGE
SCHENKIER

## NOTICE OF FILING

TO:   Ellen K. Emery
      Allen Duarte
      Ancel, Glink, Diamond, Bush, DiCianni & Krafthefer, P.C.
      140 S. Dearborn Street, 6th Floor
      Chicago, Il. 60603

PLEASE TAKE NOTICE that on November 8, 2007, I caused to be filed with the Clerk of the Court of the Northern District of Illinois, Eastern Division, MOTION FOR A NEW TRIAL PURSUANT TO RULE 59(a), OR IN THE ALTERNATIVE, MOTION FOR A JUDGMENT AFTER TRIAL in the above titled cause and hereby serve you with one copy of the same.

_____
For Plaintiff

## PROOF OF SERVICE

I, Scott T. Kamin, an attorney of record, certify that I served this notice by mailing a copy to the above named attorneys, at the above addresses, using the United States mail at 20 E. Jackson Blvd in Chicago, Illinois, in a properly addressed, stamped and sealed envelope on November 8, 2007.

_____
Scott T. Kamin

| | |
|---|---|
| MARION FOLEY | ) |
| | ) |
| *Plaintiff* | ) |
| | ) Case No. 05 C 1484 |
| v. | ) |
| | ) |
| MARTIN DEPERTE, ET AL. | ) Magistrate Schenkier |
| | ) |
| *Defendants.* | ) |

## MOTION FOR NEW TRIAL PURSUANT TO RULE 59(a), OR IN THE ALTERNATIVE, MOTION FOR JUDGMENT AFTER TRIAL PURSUANT TO RULE 50(b)

Plaintiff, through counsel, The Law Offices of Scott T. Kamin, of counsel, and moves this Court for a new trial for the following reasons:

The evidence that was admitted showed that Defendant Deperte was liable. Joint Exhibit 1, the videotape of the booking room, showed that the defendant used excessive force. There was clearly no need to slam Plaintiff down, either into the chair or onto the floor - as claimed by Plaintiff. The only question a reasonable jury should have considered was damages - obviously a slam to the floor would be a more compensable injury than a slam into the chair.

Reasonable juries could differ on how much to award in damages, or over what happened in the before the alleged excessive force, but not that some force was used. Even Defendant Deperte acknowledged he was tired of Plaintiff; he offered no explanation for why such force was necessary.

Additionally, defense counsel created a need for a new trial when she impugned

Plaintiff's credibility with a fact she knew to be false. Counsel suggested Plaintiff had never before indicated her knee hit the ground in the booking room. She further suggested that Plaintiff review her deposition to see if she ever mentioned her knee hitting the ground in the booking room. Plaintiff foolishly searched the document. Counsel knew Plaintiff had previously described her knee hitting the ground in the booking room in another transcript.

FOR THE FOREGOING REASONS, Plaintiff requests this Court grant her a new trial, or alternatively, a judgement after trial.

Respectfully submitted,

*S T. K*

Scott T. Kamin

Scott T. Kamin
20 E. Jackson #600
Chicago, IL 60604
(312) 322-0077
IL 6226855