# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

MARION FOLEY,                          )
                                       )
            Plaintiff,                 )
                                       )          No.  05 C 1484
vs.                                    )
                                       )          Magistrate Judge Schenkier
OFFICER MARTIN DEPERTE and the         )
VILLAGE OF GURNEE, a municipal         )
corporation,                           )
                                       )
            Defendants.                )

## MEMORANDUM OPINION AND ORDER

On October 25, 2007, a jury returned a verdict in favor of defendants and against plaintiff on her claims of excessive force under 42 U.S.C. § 1983 and for common law battery. The Court entered judgment on that verdict, making any motion by plaintiff for judgment as a matter of law or for a new trial due on or before November 8, 2007.

On November 8, 2007, plaintiff "submitted" a motion for a new trial or, in the alternative, for a judgment after trial. We characterize the motion as being "submitted" because it was delivered to the Court only in paper form and was not electronically filed, even though plaintiff's counsel is a registered E-Filer. As a result, the motion fails to comply with the Court's General Order on Electronic Case Filing dated 05/19/05. Plaintiff's non-compliance with the General Order would permit the Court to strike plaintiff's motion. Were we to exercise that authority, it would result in a waiver of any right of plaintiff to file her motion, since the 10-day time period for moving for judgment as a matter of law under Fed. R. Civ. P. 50(b) or for a new trial under Fed. R. Civ. P. 59(b) cannot be extended. *See* Fed. R. Civ. P. 6(b).

We will not follow that course. The Court will accept the motion as filed on November 8, 2007, despite plaintiff's non-compliance with the e-filing rules. On the merits, for the reasons set forth below, we deny plaintiff's motion.

## I.

When evaluating a motion for judgment as a matter of law, a court considers "whether the evidence presented, combined with all reasonable inferences permissibly drawn therefrom, is sufficient to support the verdict when viewed in the light most favorable to the party against whom the motion is directed." *Emmel v. Coca-Cola Bottling Co. of Chicago*, 95 F.3d 627, 629 (7th Cir. 1996). We use a stringent standard in applying that test to the review of a jury verdict, taking care "to avoid supplanting our view of the credibility or weight of the evidence for that of" the jury. *Id.* at 630 (quotations omitted).

Moreover, "[o]nly when a verdict is contrary to the manifest weight of the evidence should a motion for a new trial challenging the jury's assessment of the facts carry the day." *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 424 (7th Cir. 2000). When a motion for a new trial is based not on insufficiency of the evidence but on alleged errors at trial, we assess that argument against the backdrop of the proposition that "[c]ivil litigants are entitled to a fair trial, not a perfect one . . ." *Wilson v. Groaning*, 25 F.3d 581, 584 (7th Cir. 1994) (quotations omitted). Thus, a party seeking a new trial must show not only that errors occurred at trial, but that they were "substantial enough to deny him a fair trial." *Id.*

In this case, plaintiff seeks a new trial or, alternatively, judgment as a matter of law on two grounds. *First*, plaintiff asserts that no reasonable jury could have concluded that Mr. DePerte did not use excessive force in his encounter with plaintiff in the booking room. *Second*, plaintiff argues that a new trial is required because of an improper line of cross examination employed by the

defense. Neither of plaintiffs' arguments establishes a basis for judgment as a matter of law or a new trial.

## A.

Plaintiffs' first argument rests solely on a videotape (without sound) of the encounter between Mr. DePerte and plaintiff in the booking room. The jury repeatedly saw that videotape, which was displayed on numerous occasions by both sides during the trial. The videotape allowed the jury to see what happened during the encounter, and the appearance and demeanor of the parties immediately after the encounter. The jury also heard the conflicting testimony of Mr. DePerte and plaintiff concerning what was said immediately before and after that encounter.

The evidence allowed the jury to assess the witnesses' credibility, to determine the reason that force was used to seat plaintiff while in the booking room, and the level of force that Mr. DePerte used. Plaintiff does not quarrel with the instructions given to the jury of the law to be applied in deciding plaintiff's claims. Based on our observation of the evidence at trial, a reasonable jury clearly could conclude -- as this one did -- that the level of force used was not excessive but instead was appropriate to the circumstances. Thus, plaintiff's first argument fails to establish a basis for either a judgment as a matter of law or a new trial.[1]

---

[1] To the extent that plaintiff urges the strength of the videotape evidence as the basis for judgment as a matter of law under Rule 50(b), this argument also fails at the threshhold. Plaintiff neglected to preserve her right to make a Rule 50(b) motion by failing to move for judgment as a matter of law under Rule 50(a) at any time before the case was submitted to the jury. This requirement applies to a plaintiff who seeks to move for judgment as a matter of law after trial. *See Laborers' Pension Fund v. A & C Environmental, Inc.*, 301 F.3d 768, 775-78 (7th Cir. 2002) (requirement applied to plaintiffs but was satisfied where plaintiffs moved for judgment as a matter of law at the close of the defense case but did not renew the motion after presenting a brief rebuttal case, where the trial judge had not ruled on the original motion but had taken it under advisement).

3

**B.**

Plaintiff also argues that she suffered prejudice requiring a new trial because the defense pursued an improper line of cross examination. Plaintiff was called as an adverse witness during the defense case. During that examination on October 23, 2007, defense counsel sought to establish that prior to her testimony on October 22, 2007, plaintiff never had testified that she suffered a knee injury during her encounter with Mr. DePerte in the booking room. After establishing that plaintiff did not make that assertion in the complaint or during her deposition testimony in 2005, defense counsel succeeded in extracting from plaintiff an admission that she had never testified before trial that she suffered a knee injury at the hands of Mr. DePerte in the booking room.

The premise of the cross examination later was shown to be incorrect. The trial of this case had commenced in February 2007, but a mistrial was declared after the first day as a result of the withdrawal of plaintiff's then-counsel, which was occasioned by certain improper conduct of plaintiff. Before the mistrial was declared, plaintiff had testified that Mr. DePerte pushed her down while in the booking room and that this conduct had caused her to suffer a torn meniscus. Defense counsel at the October 2007 trial were plainly aware of that prior testimony: they represented the defendants and were present during the February 2007 proceedings during which the testimony occurred, and they were in possession of a transcript of that testimony. Indeed, defense counsel attached that transcript to a motion for judgment as a matter of law that the defense filed shortly before plaintiff's adverse examination on October 23, 2007.

As the Court made clear in its comments in open court on October 24, 2007, after reviewing the transcript, we in no way endorse the actions of defense counsel in eliciting from plaintiff the testimony in question. The Court promptly took measures to counteract any prejudice that might

4

result: (1) the Court read to the jury a stipulation stating that plaintiff's testimony on this point had been incorrect, and reciting her testimony from the February 2007 proceeding explaining that she suffered a knee injury in the booking room; and (2) barring the defense from raising any argument that plaintiff's testimony that she suffered a knee injury in the booking room was a recent fabrication. Plaintiff's counsel did not suggest or request that the Court take any further actions to address this matter.[2]

We are satisfied that these corrective measures were sufficient to eliminate any prejudice to plaintiff from the defense actions. In light of the Court's corrective measure and the other evidence at trial, this episode falls far short of being "substantial enough to deny [plaintiff] a fair trial." *Wilson,* 25 F.3d at 584. We therefore deny plaintiff's request for a new trial on the basis of this episode.

---

[2]Plaintiff's counsel conceded that prior to trial, he had never read plaintiff's prior trial testimony. Apparently, he also chose not to read the testimony during trial, even though it was attached to defendant's motion for judgment as a matter of law. Indeed, it was the Court acting *sua sponte* – and not plaintiff's counsel – that raised the issue during the October 24 proceedings. Had plaintiff's counsel done the minimal trial preparation of reading his client's prior testimony, he would have been able to address the incorrect testimony himself when he had an opportunity to question plaintiff during the adverse examination. The explanation that plaintiff's counsel offered for failing to read his client's prior testimony in advance of trial was, to say the least, unsatisfactory. We admonish plaintiff's counsel that this kind of conduct must not be repeated in the future.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for a new trial pursuant to Rule 59(a), or in the alternative, motion for a judgment after trial, is denied.

**ENTER:**

**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**DATED:    November 13, 2007**

6